**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| BENISLAO RAMOS-PABLO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-645<br><br>Agency No.<br>A215-637-495<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2024**
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Benislao Ramos-Pablo, a native and citizen of Guatemala, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal of an order of an Immigration Judge ("IJ") (collectively, "the Agency")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252. When the BIA adopts the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), we review both decisions. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We review factual findings for substantial evidence. *Lalayan v. Garland*, 4 F.4th 822, 826 (9th Cir. 2021).

1. Ramos-Pablo argues that the defective Notice to Appear ("NTA"), which lacked the date and time of his initial hearing, deprived the immigration court of jurisdiction over his proceedings. Ramos-Pablo failed to exhaust this claim because he raised it for the first time only vaguely in his Notice of Appeal and did not argue it in his brief to the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc). *See also Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1051 (9th Cir. 2023) (stating that, although "[a] noncitizen need not raise a 'precise argument' before the BIA in order to exhaust it," the noncitizen must at least "give[] the BIA 'an adequate opportunity to pass on the issue'" (quoting *Diaz-Jimenez v. Sessions*, 902 F.3d 955, 960 (9th Cir. 2018))).

2. Substantial evidence supports the Agency's denial of Ramos-Pablo's asylum and withholding of removal claims. Ramos-Pablo's cooperation with law enforcement does not give rise to a particular social group because the Agency

reasonably concluded that Ramos-Pablo had not shown that his cooperation was public and that individuals who cooperate with law enforcement are recognized as a distinct group in Guatemala. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) (holding that the petitioner failed to establish "social recognition" in Guatemala of the proposed social group of "persons who 'report the criminal activity of gangs to the police'" where, although "gang members" may have found out about his cooperation, it was not known in "the community in general"); *Diaz-Torres v. Barr*, 963 F.3d 976, 980–81 (9th Cir. 2020); *Matter of H-L-S-A-*, 28 I. & N. Dec. 228, 237 (B.I.A. 2021). Additionally, Ramos-Pablo failed to establish a nexus between his race or proposed particular social group and any past or feared harm. His evidence showed that gang members targeted him because he resisted recruitment efforts and out of retaliation for reporting, not on account of his race or membership in another protected social group. *See Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009) ("[R]esistance to gang membership is not a protected ground."), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc); *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023).

3. Substantial evidence supports the Agency's determination that Ramos-Pablo failed to establish it is more likely than not he would be tortured by or with the acquiescence of a Guatemalan government official if returned to Guatemala.

*See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). On this record, the Agency reasonably concluded that Ramos-Pablo's evidence showing the Guatemalan government is unable to effectively police gangs was insufficient to establish acquiescence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (citing *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2013)).[1]

**PETITION DENIED.**

---

[1] Ramos-Pablo also claims that his due process rights were violated because the Agency failed to act as a neutral factfinder and did not consider all the evidence. However, he has forfeited this claim because he did not develop it in the body of his brief. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived."). Further, the Agency need not "identify and discuss every piece of evidence in the record." *Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022).